

FILED
MAR 05 2014
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOHN GRAHAM, | \* | CIV 13-4100 |
| Petitioner, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS |
| DOUG WEBER, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Respondent Doug Weber has moved to dismiss John Graham's (Graham) petition for writ of habeas corpus which was filed under 28 U.S.C. § 2254. Graham opposes the motion. For the following reasons, the motion to dismiss will be denied.

## BACKGROUND

On January 26, 2011, a jury convicted Graham of felony murder of Annie Mae Aquash in violation of SDCL 22-16-9. He was acquitted of premeditated murder. The South Dakota Supreme Court affirmed Graham's conviction on May 30, 2012. *State v. Graham*, 815 N.W.2d 293 (S.D. 2012). Graham's petition for state habeas corpus relief was denied on the merits, and a certificate of probable cause was not issued. (Doc. 31-1.) Graham timely filed a pro se motion for certificate of probable cause with the South Dakota Supreme Court pursuant to 21-27-18.1. (Doc. 31-2). On July 24, 2013, the South Dakota Supreme Court issued an Order to Show Cause indicating that it appeared service of the motion for certificate of probable cause was not "'made upon both the attorney general and the appropriate state's attorney' when the motion was made" as required by SDCL 21-27-18.1. (Doc. 31-3.) The court directed Graham to show cause why the appeal should not be dismissed for failure to make proper service of the motion for certificate of probable cause. (*Id.*) Graham responded:

> My failure to serve the opposing party when I filed the motion with the Supreme Court was due to the extreme time pressure was excusable neglect. I am a pro se petitioner and the court denied my request for appointed counsel. An out of state attorney Mr. Paul Wolf agreed to help me with a federal Habeas Corpus petition but not the state petition and I am unable to pay any attorney in So. Dakota to help me. Mr. Wolf called numerous attorney's and spoke to fourteen So. Dakota attorney's on the phone for me but I was not able to raise enough money to hire even the least expensive one.
>
> I received the circuit court order on July 3rd, mailed it to Mr. Wolf on the first available mail day after the 4th of July long weekend, Monday July 8th. The envelope was postmarked July 10th, Mr. Wolf received it on July 15th, he wrote a motion for me that same night and sent it to me priority mail the next morning July 16th, I received it on Thursday July 18th. Since the twenty day time limit expired on Saturday and I couldn't be sure the prison legal worker would be available on Friday the 19th, I sent it to the Supreme Court the same day I received it on July 18th. The court should consider this excusable neglect since I have no assistance of counsel and I thought that filing the motion on time was the priority.
>
> A pro se prisoner's habeas corpus petition is considered filed on the date he delivers it to prison officials for mailing to the district court. Burn's v. Morton, 134 F.3d 109, 113 (3rd Cir. 1998). The Supreme Court should consider the filing of this motion the same way. The failure of service should only result in a dismissal without prejudice. Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987). The court should consider my failure to serve the opposing party as without prejudice and consider my petition on the merits particularly since it concerns issue of state law that are better heard in a state habeas Petition than in a federal Petition.

(Doc. 31-4.) Respondent argued that the motion for certificate of probable cause should be dismissed because Graham did not show cause for failing to serve the motion when he filed it with the Supreme Court. (Doc. 31-5.) On September 9, 2013, the South Dakota Supreme Court issued an order dismissing the motion for certificate of probable cause "for failure to serve a copy of the motion upon the opposing party, this service being a prerequisite to the Court's jurisdiction to consider said motion pursuant to SDCL 21-27-18.1." (Doc. 31-6.)

Graham timely filed his federal habeas petition. Respondent argues the petition should be dismissed because Graham procedurally defaulted all of his habeas claims by failing to advance them properly through the South Dakota courts. Graham objects to dismissal and requests a ruling on the merits of his claims.

## DISCUSSION

"A claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration. . . ." *Cone v. Bell*, 556 U.S. 449, 467 (2009). Procedural default prevents federal court review of a state court decision that rests on "independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). This rule applies to bar federal habeas claims that a state has declined to consider because of the prisoner's failure to satisfy a state procedural requirement. *See id.* "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Id.* at 732. "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Id.*

The "procedural default" doctrine was explained by the Eighth Circuit in *White v. Bowersox* as follows:

> Procedural default of a claim under state law may constitute an independent and adequate state ground, *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), but only if the state procedural rule is firmly established, regularly followed, and readily ascertainable. *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The underlying principle is "that failure to follow state procedures will warrant withdrawal of a federal remedy only if those procedures provided the habeas petitioner with a fair opportunity to seek relief in state court." *Easter v. Endell*, 37 F.3d 1343, 1347 (8th Cir. 1994). Or, as Justice Holmes expressed it, "[w]hatever springes the State may set for those who are endeavoring to assert rights that the State confers, the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." *Davis v. Wechsler*, 263 U.S. 22, 24, 44 S.Ct. 13, 68 L.Ed. 143 (1923).

*White v. Bowersox*, 206 F.3d 776, 780 (8th Cir. 2000).

The "adequacy" of a state procedural rule is a question of federal law. *Sloan v. Delo*, 54 F.3d 1371, 1379 (8th Cir. 1995). A state law rule is "adequate" to defeat federal habeas review if the rule is clear, does not thwart the assertion of federal rights, and is both firmly established and regularly followed. *Id.* at 1379-80. "[S]tate procedural rules not strictly or regularly followed may not bar

3

[federal court] review." *Dixon v. Dormire*, 263 F.3d 774, 781 (8th Cir. 2001) (quoting *Ford*, 498 U.S. at 424).

Here, Respondent argues that the South Dakota Supreme Court denied Graham's habeas claims on the independent and adequate ground that Graham failed to serve the motion for certificate of probable cause simultaneously with its filing as required by SDCL 21-27-18.1.[1] Even assuming that Graham, a pro se petitioner, should have interpreted the statute as requiring simultaneous filing and service of his motion, it certainly is not clear from the statute or case law that Graham's motion would be dismissed by the South Dakota Supreme Court for lack of jurisdiction if he did not serve the motion immediately. Respondent has not cited one other case, and the Court's own legal research revealed no other cases, where the South Dakota Supreme Court dismissed a motion for certificate of probable cause for lack of jurisdiction because it was not served at the time of filing.[2] There is no showing that such a rule was firmly established, regularly followed, or readily ascertainable prior to its application in Graham's case. The fact that the South Dakota Supreme Court had the authority to decide it lacked jurisdiction over Graham's motion for certificate of probable cause because he did not serve the motion when he filed it is not sufficient to bar Graham's federal habeas claims. *See Easter*, 37 F.3d at 1345-46 (Rule 37 of the Arkansas Rules of Criminal Procedure did not meet the

---

[1]This Court does not agree with Respondent that the service deadline is stated clearly and unambiguously in SDCL 21-27-18.1. The statute states, in relevant part:
> However, a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal. Any party filing a motion with the Supreme Court shall serve a copy of the motion upon the opposing party, who shall have ten days to respond. . . .
>
> Service of either a motion for a certificate of probable cause or of an appeal must be made upon both the attorney general and the appropriate state's attorney when the motion is made or the appeal is taken by the party seeking the habeas corpus relief.

SDCL 21-27-18.1.

[2]The Court acknowledges that the South Dakota Supreme Court dismisses motions for certificate of probable cause that are untimely filed with the court, *Hannon v. Weber*, 638 N.W.2d 48, 50 (SD 2001), but there is no dispute that Graham's motion was filed on time.

due process requirement of "adequacy" to bar Easter's federal habeas claim because the state did not demonstrate the rule was firmly established when it was applied to Easter); *see also White*, 206 F.3d at 781 ("Even though a rule appears in retrospect to form part of a consistent pattern of procedures, it should not be applied as a procedural default if the defendant could not be deemed to have been apprised of its existence."). Thus, this Court concludes that the state "rule" is not adequate to defeat federal review of Graham's habeas claims because the state rule was not firmly established or regularly followed.

There is another reason to conclude that Graham's failure to simultaneously file and serve his motion for certificate of probable cause does not constitute an adequate state law ground to deny federal habeas review. In "exceptional cases . . . exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). In *Lee*, a criminal defendant moved for a delay of his trial when he discovered that his three alibi witnesses could not be found in the courthouse though they had been present earlier in the day. *Id.* at 369. The court denied his motion based on the court's limited schedule and availability, and also because the court thought the witnesses had abandoned Lee. *Id.* at 370. Lee did not call any defense witnesses and he was convicted. The Missouri Court of Appeals affirmed the lower court's denial of Lee's petition for habeas relief. *Id.* at 372. It held that Lee defaulted his claims because he did not comply with a state rule that motions for delay in trial must be made in writing and accompanied by an affidavit. *Id.* at 372–73. Lee filed a federal habeas petition. The federal district court and the Eighth Circuit held that the state procedural rule was an adequate and independent state law ground barring federal review under the doctrine of procedural default. *Id.* at 374. The United States Supreme Court reversed, holding that application of this technical requirement was an exorbitant application of Missouri's rule. *Id.* at 376.

"Three considerations, in combination," led the Supreme Court in *Lee* "to conclude that this case [fell] within the small category of cases in which asserted state grounds are inadequate to block adjudication of a federal claim." *Id.* at 381. First, Lee's perfect compliance with the rule would not have altered the outcome because the trial court denied the continuance for scheduling reasons and based on its perception that the witnesses abandoned Lee. *Id.* Second, there was no case law that

5

directed perfect compliance with the rule in the unique circumstances of Lee's case, *i.e.* "the sudden, unanticipated, and at the time unexplained disappearance of critical, subpoenaed witnesses on what became the trial's last day." *Id.* at 382. Third, "and most important," *id.*, Lee substantially complied with the "essential requirements" of the rule, which were intended to provide information needed by the trial court to rule on the motion. *Id.* at 385. The trial court and opposing counsel had all of the information that was needed to address Lee's motion for a continuance because Lee had referred to the witnesses' testimony in voir dire, opening statement, and every day of trial. *Id.* at 383-84. Thus, the state rule requiring a written motion and affidavits served "no perceivable state interest," and did not bar federal habeas review. *Id.* at 378.

In the present case, the South Dakota Supreme Court's decision to dismiss Graham's motion for certificate of probable cause based on lack of jurisdiction for failing to simultaneously serve and file the motion was exorbitant. Over the course of the proceedings, Graham consistently followed filing deadlines, including timely filing his motion for certificate of probable cause. There is no reason to think that he had an ulterior motive when he failed to serve the motion. Before the Supreme Court dismissed his motion, Graham served the motion and corrected the procedural default caused by his failure to serve the motion at the time of filing.

Second, the Respondent has presented no case, nor has the Court's research revealed one, where the South Dakota Supreme Court relied on a petitioner's late service of a timely-filed motion for certificate of probable cause to dismiss the motion for lack of jurisdiction.

Finally, and "most important," *Lee*, 534 U.S. at 382, the state interest in having petitioners serve their motions for certificate of probable cause at the time of filing is not sufficient to preclude federal consideration of Graham's habeas claims because Graham's timely-filed motion notified the South Dakota Supreme Court of his constitutional claims and gave the state court an opportunity to allow Graham to serve the motion on Respondent and to address his motion on the merits. How state interests were promoted by dismissing Graham's motion is unclear. "Where it is inescapable that the defendant sought to invoke the substance of his federal right, the asserted state-law defect in form must be more evident than it is here." *Lee*, 534 U.S. at 385 (quotation omitted).

The combination of these factors leads the Court to conclude that the South Dakota Supreme Court's application of the dismissal "rule" in this case was exorbitant, and does not bar federal review of Graham's habeas claims. There is no procedural default because there is no adequate state law ground barring federal habeas review.

As the parties point out in their briefs, federal courts can also review procedurally defaulted claims if the petitioner can show "cause for the default and prejudice from a violation of federal law." *Trevino v. Thaler*, - - - U.S. - - -, 133 S.Ct. 1911, 1917 (2013) (quotation omitted). Because there is no adequate state law ground, there is no procedural default and the Court does not need to consider cause and prejudice. Accordingly,

IT IS ORDERED:

1. That the motion to dismiss Graham's habeas petition for procedural failure, Doc. 30, is denied.

2. That Graham's unopposed motion to file sur-reply, Doc. 35, is granted, and Respondent may file a short sur-sur-reply within 14 days after receipt of this Order.

3. That the Court will now consider Graham's habeas petition on the merits.

Dated this 5th day of March, 2014.

BY THE COURT:

Lawrence L. Piersol
District Court Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)     DEPUTY

7